UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY BESTER,
also known as Anthony
Glenn Bester,

                              Plaintiff,

      v.                                    9:18-CV-0449
                                         (DNH/TWD)

C.O. TAYLOR, Great Meadow
Correctional Facility, C.O.
LAVERGNE, Great Meadow
Correctional Facility, C.O.
HALL, Great Meadow Correctional
Facility, C.O. WALKER, Great
Meadow Correctional Facility,
JOHN DOE (A), C.O.; Great
Meadow Correctional Facility, and
JOHN DOE (B), C.O.; Great
Meadow Correctional Facility,

                              Defendants.

---

APPEARANCES:

ANTHONY BESTER
99-B-0253
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

    Plaintiff Anthony Bester ("Bester" or "plaintiff") filed his pro se complaint in this action

in April 2018 seeking to assert Eighth Amendment excessive force claims arising out of an

incident that occurred on August 28, 2014 at Great Meadow Correctional Facility ("Great Meadow C.F."). *See* Dkt. No. 1 ("Compl.").[1] Plaintiff did not pay the filing fee for this action and requested leave to proceed in forma pauperis. Dkt. No. 2.

Upon review of the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, it appeared that Bester's claims were barred by the three year statute of limitations for claims asserted under 42 U.S.C. § 1983. Dkt. No. 4 ("May Order") at 5-7. It further appeared that plaintiff did not allege facts in the complaint sufficient to plausibly suggest that equitable tolling would be warranted. *Id*. at 6-7.[2] Nevertheless, plaintiff was afforded the opportunity to file an amended complaint if he wished to avoid dismissal of this action. *Id*. at 7-8.[3]

On June 4, 2018, a five-page submission entitled "Formal Am[]ended Complaint Notice" was received from Bester and docketed as his amended complaint. Dkt. No. 9. Upon review of this document, it appears that plaintiff's amended complaint is a copy of a submission which plaintiff filed as an exhibit to his original complaint. *See* Dkt. No. 1-1 at 1-5.

As noted in the May Order, this supplemental submission sets forth the facts regarding the August 28, 2014 incident in considerably greater detail than does the complaint itself. May Order at 5 n.4. However, because this submission does not demonstrate that this

---

[1] Plaintiff recently commenced a second civil rights action in this District. *See Bester v. Taylor*, 9:18-CV-0707 (DNH/TWD) (N.D.N.Y. filed June 18, 2018).

[2] In so ruling, the order noted that while plaintiff stated in his February 2018 grievance filing that he suffers from a "mental defect/impairment and disability" for which he continues to receive treatment, *see* Dkt. No. 1-1 at 8-10, this assertion without more did not suffice. May Order at 7. Plaintiff was advised that a plaintiff claiming that his medical or mental condition justifies equitable tolling must offer a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Id*. at 6-7 (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)).

[3] Plaintiff was granted leave to proceed in forma pauperis. May Order at 9.

action was timely filed or that the limitations period is subject to equitable tolling, it does not cure the deficiencies identified in the May Order.

The question thus becomes whether dismissal of this action is warranted.  *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) (stating that complaints from pro se litigants should be liberally construed and that such litigants should be given the chance to amend their complaints as needed).  Although the Court harbors considerable doubt about whether yet another opportunity to file an amended complaint will be meaningful, Bester will nevertheless be afforded the benefit of that doubt and granted a period of **thirty (30) days** in which to submit a second amended complaint.

Any second amended complaint must contain a short and plain statement of the facts Bester relies on in support of his claims "that the defendants violated his constitutional rights and that his claims against the defendants are timely filed; i.e., that 'extraordinary circumstances' prevented plaintiff from performing the required act, and that he acted 'with reasonable diligence' during the period that he seeks to toll."  May Order at 8 (citing *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).

Bester is further advised that his failure to file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

Therefore, it is

ORDERED that

1. The amended complaint (Dkt. No. 9) does not cure the pleading deficiencies identified in the May Order and is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii)

and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

2.  In light of his pro se status, plaintiff is granted leave to file a second amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order;

3.  In the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court;

3.  Upon the filing of plaintiff's second amended complaint this matter shall be returned to the Court for further review;

4.  The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff by regular mail; and

5.  The Clerk shall also send plaintiff copies of his original complaint, his amended complaint, the current docket sheet, and the form civil rights complaint available in the Northern District.

IT IS SO ORDERED.

Dated:  June 21, 2018
         Utica, New York.

_____
United States District Judge